# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN E. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16 C 11648 |
| ) | |
| STATE OF ILLINOIS; LISA M. MADIGAN, ) | Judge Rebecca R. Pallmeyer |
| in her official capacity as Illinois Attorney ) | |
| General; ILLINOIS COURT OF CLAIMS, ) | |
| in its official capacity; ILLINOIS PRISONER ) | |
| REVIEW BOARD, in its official capacity; ) | |
| KENNETH TUPY, in his official capacity ) | |
| as chief legal counsel for the Illinois ) | |
| Prisoner Review Board; and BRUCE ) | |
| RAUNER, in his official capacity as ) | |
| Governor of the State of Illinois, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

In 1996, Plaintiff Stephen E. Lewis was found guilty in state court on child pornography charges. The Illinois Appellate court concluded, however, that the photograph at issue was not "lewd" and therefore reversed Mr. Lewis's conviction in a published opinion in 1999. Years later, the Illinois General Assembly adopted a statute that grants persons who have been wrongly convicted to seek a declaration of innocence—a requirement for seeking a remedy for wrongful detention in the Illinois Court of Claims. Persons who, like Lewis, were convicted prior to the effective date of the statute were allowed to file their petitions within two years. Lewis did file such a petition—but as it was well after the two-year period, his case was dismissed. In this federal action, Lewis argues that imposing this time limit on persons who are innocent of a charged crime is unconstitutional.

Defendants, all Illinois officials, have moved to dismiss his complaint. They raise several arguments: they contend that the named Defendants are not subject to suit, that the complaint is barred by the *Rooker-Feldman* doctrine and by the Eleventh Amendment, and that the

allegations do not state a claim for relief. In a reply memorandum, Defendants have noted another basis for dismissal: Plaintiff Lewis raised his constitutional argument in a state court case, filed after dismissal of his untimely petition for a certificate of innocence. That case, too, was dismissed, and precludes this case under the doctrine of *res judicata*, Defendants contend.

For the reasons explained here, the motion to dismiss is granted.

## **BACKGROUND**

As alleged in his amended complaint, Stephen Lewis was convicted in 1996 on two counts of child pornography. (Amended Complaint [10 ¶¶ 3,4.) He appealed his conviction, and the Illinois Appellate court concluded that the single photograph at issue was not in fact pornographic. (*Id.* ¶ 5.) His conviction was reversed. *See People v. Lewis*, 305 Ill. App.3d 665, 712 N.E.2d 401 (2nd Dist. 1999). Lewis then filed an action with the Illinois Court of Claims on May 8, 2000. (Amended Complaint ¶ 6.) Though the amended complaint he filed in this court does not state what relief he sought there, it appears that Mr. Lewis was seeking recovery for time he had spent in prison on the pornography charges. That relief was denied him, however, and the case was dismissed on the basis that he had not received a "pardon based upon actual innocence." (*Id.*)

This left Lewis in an awkward position. A pardon is not appropriate in his case because he has been declared not guilty; there is no conviction for which he could be pardoned at all. A person acquitted on appeal was not eligible for a pardon, and therefore not eligible for relief available to a pardoned individual from the Court of Claims. In 2008, the Illinois General Assembly recognized this problem, and adopted a statute that grants persons in Mr. Lewis's situation the right to seek a declaration of innocence. (*Id.; see* 735 ILCS 5/2-702.) The preamble to the Act statute explicitly recognized that persons wrongly convicted in Illinois "have been frustrated in seeking legal redress . . . ." The General Assembly observed that language that effectively "compels an innocent person to seek a pardon for being wrongfully incarcerated" is "misleading." The statute therefore authorizes a person whose conviction, like Lewis's, was

"reversed or vacated" to petition for a certificate of innocence.

Importantly, the Act established a two-year limitations period:

(i) Any person seeking a certificate of innocence under this Section based on the dismissal of an indictment or information or acquittal that occurred before the effective date of this amendatory Act of the 95th General Assembly shall file his or her petition *within 2 years after the effective date of this amendatory Act* of the 95th General Assembly. Any person seeking a certificate of innocence under this Section based on the dismissal of an indictment or information or acquittal that occurred on or after the effective date of this amendatory Act of the 95th General Assembly shall file his or her petition within 2 years after the dismissal.

735 ILCS 5/2-702 (i) (emphasis added). The statute thus gave an individual whose conviction was reversed or vacated prior to 2008 a two-year window in which to file a petition for a certificate of innocence.

Plaintiff Lewis did file such a petition—but he did not do so until October 31, 2011. (Amended Complaint ¶ 10.) Not surprisingly, the Illinois trial court dismissed the petition as untimely. (*Id.*) The dismissal was affirmed by the Illinois Appellate court and by the Illinois Supreme Court. (*Id.* ¶¶ 12-14.) Lewis filed a second complaint in state court in 2014; his complaint provides no information about that second case other than the fact that it, too, was dismissed. (*Id.* ¶ 15.) Plaintiff then evidently sought a pardon, but Governor Bruce Rauner denied the request in December 2016. (*Id.* ¶ 16.)

Lewis's next step was this federal lawsuit. He filed his original complaint on December 28, 2016 against one Defendant: the State of Illinois [1]. When the Illinois Attorney General raised the Eleventh Amendment as a bar (Defendant's Motion to Dismiss [7]), Lewis filed an amended complaint, this time naming a host of Defendants: Illinois Attorney General Lisa Madigan; the Illinois Court of Claims; the Illinois Prisoner Review Board; Kenneth Tupy, chief legal counsel for the Prisoner Review Board; and Governor Rauner. [10.] All Defendants have again moved to dismiss. [13..

## **DISCUSSION**

Lewis contends that his constitutional rights have been violated because, in his view, a

statute of limitations may not be applied to bar a claim for a certificate of innocence in any case in which petitioner, as here, claims actual innocence. Defendants contend this claim fails both procedurally and on the merits. They argue, initially, that this case is a challenge to a state-court ruling, barred by the *Rooker-Feldman* doctrine, which generally precludes federal review of final state-court decisions. *See Levin v. Attorney Registration and Disciplinary Comm'n of Supreme Court of Illinois*, 74 F.3d 763, 766 (7th Cir. 1996). Indeed, the court assumes Lewis could have challenged the constitutionality of enforcement of the statute of limitations in his state court proceedings. If the Illinois state courts erred, it is for the U.S. Supreme Court, not this one, to correct the error. This court need not address the *Rooker-Feldman* doctrine further, however, because it concludes Lewis's complaint fails for other reasons, addressed below.

**Failure to State a Claim**

Lewis believes he is not subject to the two-year statute of limitations imposed by Illinois law. In support of this theory, Lewis cites *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). In that case, the U.S. Supreme Court held that a plea of actual innocence can overcome the federal statute of limitations for habeas corpus petitions. 133 S.Ct. at 1932. The situation in *McQuiggin* differs from this one in important ways, however. First, the petitioner in that case presented new evidence of actual innocence. Mr. Lewis presents nothing new here. He has known for many years the circumstances that support his claim for relief. And he has not suggested that anything stood in the way of his presenting that claim earlier. Nothing about *McQuiggin* supports Lewis's apparent conclusion that limitations periods have no application at all, so long as a petitioner claims actual innocence. More importantly, the rule announced in *McQuiggin* protects persons from wrongful incarceration. Mr. Lewis is not incarcerated. The question in this case is whether the Constitution is violated by a statute of limitations that governs a civil proceeding in which the petitioner seeks a declaration that would permit him to seek a remedy for past incarceration. There is nothing unusual about such a limitation, nor any constitutional impediment to enforcing it.

Other case law cited by Mr. Lewis is distinguishable for similar reasons. *People v. Washington*, 171 Ill. 2d 475, 665 N.E.2d 330 (1996) also involved newly-discovered evidence of the post-conviction petitioner's actual innocence. Again, Lewis has no new evidence of his innocence, nor would any new evidence be relevant to his claim here; unlike the petitioner in *Washington*, Lewis was declared not guilty by the Illinois Appellate court years ago. In *Herrera v. Collins*, 506 U.S. 390 (1993), the Court found affidavits offered by petitioner in a habeas case were insufficient to establish his innocence. As Lewis emphasizes, the *Herrera* Court "assume[d], for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional." 506 U.S. at 317. This court agrees; but Lewis is neither facing execution nor serving a sentence at all, as his conviction was overturned.

Plaintiff contends this argument misconstrues his complaint as an action for monetary damages under 42 U.S.C, and objects to characterization of his allegations as a claim for denial of due process. The court is puzzled by these objections; § 1983 is the appropriate statutory mechanism for filing a federal lawsuit to enforce Constitutional rights, and Lewis identifies no constitutional provision, apart from the due process clause, that is relevant to his claim. To Defendants' argument that he has no constitutional right to a pardon, Lewis "asserts that he has a constitutional right not to be wrongly convicted and left as a felon." (Plaintiff's Response to Motion to Dismiss [15] at 7.) As the court understands his situation, however, Lewis is not "convicted and left as a felon." The Illinois Appellate court has declared him not guilty, he is not in custody, and he is not serving any ongoing criminal sentence. The certificate of innocence that he seeks would not change his status in any way other than to trigger a right to seek monetary relief for his past incarceration in the Illinois Court of Claims.

Lewis insists that the Eleventh Amendment does not bar this action because he "is not seeking monetary damages," and he suggests vaguely that a certificate of innocence would allow him to seek "expungement of the record." (Plaintff's Response at 7.) But Lewis has not

identified any "record" reflecting his now-overturned conviction. As noted, the only apparent value that a certificate of innocence would have for him at this point is that it would trigger his right to seek a remedy in the Illinois Court of Claims. That means, as this court sees it, that this lawsuit is nothing more than a predicate for Mr. Lewis's damages claim. No constitutional principle prohibits the state from imposing reasonable time limits on such a claim, even where the result bars the courthouse door to Lewis's effort to obtain a certificate of innocence. *Cf. Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993) ("petition for a certificate of innocence is civil in nature" and subject to civil litigation timeliness rules).

**Res Judicata**

In a reply memorandum in support of their motion to dismiss, Defendants have asked the court to dismiss this case for a second reason: the doctrine of res judicata, or claim preclusion. That doctrine "provides for the finality of rulings by barring the relitigation of claims or defenses that had been or could have been brought in a prior case." *Smith Tr. & Sav. Bank v. Young*, 312 Ill. App.3d 853, 858, 727 N.E.2d 1042, 1045 (3rd Dist. 2000); *see also Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007). As noted earlier, Lewis has filed two proceedings in state court. The first, his suit for a certificate of innocence, was dismissed as untimely, and that dismissal was affirmed on appeal. (Amended Complaint ¶¶ 10-14.) His complaint in this court referred to a second state court case, as well, without mention of details. (*Id.* ¶ 15.) Defendants have investigated that second case and presented a copy of the complaint, and the state court's dismissal order, as exhibits in support of their reply memorandum. (Defendants' Reply [16], Exhibits A and B.) As those documents demonstrate, Lewis's second state court complaint is substantially similar to the one he filed in this court. The only defendant named there is Attorney General Lisa Madigan, but the allegations are largely identical to the ones before this court. Lewis alleged that his complaint "seeks to void section (i) [that is, the limitations provision] of 735 ILCS 5/2-702. (Lewis Chancery Complaint, Ex. A to Defendant's Reply Memorandum [16-1], ¶ 8.) Lewis alleged in that complaint that the statute of

6

limitations is unconstitutional, citing the same authority he invokes here: *McQuiggin v. Perkins*, 133 S.Ct. 1925 (2013). (*Id.* ¶ 36.) The trial judge dismissed that case as barred by Lewis's earlier petition, and also rejected his constitutional challenge to application of the limitations bar. (Memorandum and Order of Judge Neil Cohen, Exhibit B to Defendant's Reply Memorandum [16-2].)

This court agrees that Plaintiff Lewis was free to raise his constitutional challenge to application of the statute of limitations in two previous state court proceedings. Those earlier rulings preclude this litigation under the doctrine of *res judicata*.

## **CONCLUSION**

Defendants' motion to dismiss the amended complaint [13] is granted. Plaintiff Lewis has leave to file an amended complaint, if he can do so consistent with this court's conclusions, within 21 days.

ENTER:

Date: March 12, 2018

_____
REBECCA R. PALLMEYER
United States District Judge